In the Matter of the Estate of BENJAMIN L. M. BATES, Deceased.*

Surrogate's Court, New York County, August 16, 1939.

---

* Modfd., 258 App. Div. 947.

*Bertram L. Kraus,* for the executors.

*Frederick M. Van Zandt,* for Helen M. Bates, claimant.

*Foster & Newman,* for Mary Haac Alexander.

DELEHANTY, S. By order to show cause Helen M. Bates renews her application to compel payment to her of the amount directed to be paid her in the decree entered herein on June 22, 1938.

The question whether the moving party was entitled to immediate payment has been before the Appellate Division in this department. By a divided court the Appellate Division directed that " payment of the claim of Helen M. Bates should be refused without prejudice to a subsequent application for payment of the claim when funds are available for that purpose." (255 App. Div. 615, 618.) Later the moving party here sought leave to reargue and to offer proof in the Appellate Division that the papers in opposition to her application contained material misrepresentations of fact as to the liabilities of the estate. It was the existence of such unpaid liabilities which had caused the majority of the appellate court to deny the application. On the motion for reargument the appellate court said that there was no necessity for it to take the new proof respecting the misrepresentations in the opposing papers " since all the matters on which she now relies may be presented to the surrogate under our decision, which expressly reserves that right to her." (256 App. Div. 669.)

The papers on this application now show that the hazards to the estate finances are not as serious as they were represented on the first application. In addition it is now conceded that very substantial negotiations with responsible parties are in progress and if concluded will result in a sale of the real property of the estate at a very large gross price. The present papers show that very large sums of money have been paid out by the executors from the cash resources of the estate in the carrying of this property. It is apparent from the figures now supplied that much more has been expended since the last application than would have been necessary for payment to the applicant of the money due her. It is also apparent from the present set of papers that substantial amounts

of cash are still in the hands of the executors and that the income tax problems which were misrepresented to the court on the first application are no longer the serious threat that they were represented to be.

The applicant is a woman of more than seventy-six years. She is said to be in ill health. It has been said by the Court of Appeals in a somewhat comparable situation that the court should take into account the fact that unless a person entitled to money " gets cash he does not get anything in the here and now." (*Matter of Otis*, 276 N. Y. 101, 115.) If this elderly woman is to have any benefit out of the decree awarding her payment from this estate she must have it in the " here and now." It is not to be expected that she can enjoy many more years of life. She should have the money due her unless commanding reasons to the contrary exist. The court finds no such reason on this record. On the contrary, it finds that the management of the estate is actuated by the perfectly normal desire of the residuary legatees to protect their own interests by using estate funds for the real property. The actual test of the market which has been made since the last application shows that the real estate is salable at a price and hence that the risk of liability of the executors for estate taxes (now fixed at a sum much lower than the original claim) is not a substantial risk. Accordingly the application is granted.

Submit, on notice, order directing immediate payment to Helen M. Bates of the sum awarded to her by the prior decree of the court.